David Munoz Delgado v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-086-CR
&
No. 10-97-087-CR

     DAVID MUNOZ DELGADO,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 292nd District Court
Dallas County, Texas
Trial Court Nos. F95-02487-V & F95-31921-V
                                                                                                                

O P I N I O N
                                                                                                                

      In Cause No. 10-97-086-CR, Appellant Delgado appeals his conviction for aggravated sexual
assault of a child under 14 years of age, for which he was sentenced to 20 years in prison.
      In Cause No. 10-97-087-CR, Appellant Delgado appeals his conviction for attempted
aggravated sexual assault of a child under 14 years of age, for which he was sentenced to 16 years
in prison.
      Appellant was indicted in two separate cases, Cause Nos. 10-97-086-CR and 10-97-087-CR,
for aggravated sexual assault of a child under 14 years of age. On the State's motion, the charge
in Cause No. 10-97-087-CR was reduced to attempted aggravated sexual assault of a child under
14. Appellant waived his right to a jury trial and entered pleas of guilty on each charge. On
September 6, 1996, he was found guilty in each case and was sentenced to 25 years in prison in
Cause No. 10-97-086-CR and 16 years in prison in Cause No. 10-97-087-CR.
      With new counsel Appellant filed a motion for a new trial in both cases, alleging his attorney
was so deficient in presenting mitigating evidence during the sentencing hearing as to deprive
Appellant of effective assistance of counsel.
      On November 18, 1996, the trial judge granted the motions for a new trial in both cases. 
Appellant entered new pleas of guilty in each case. The court then found Appellant guilty in each
case and sentenced him to 20 years in prison in Cause No. 10-97-086-CR and 16 years in Cause
No. 10-97-087-CR. A third counsel filed a motion for a new trial in each case which motions
were overruled by operation of law. Appellant, through his fourth counsel, appeals both cases on
one point of error:
 
The trial court erred in finding Appellant's plea was freely and voluntarily entered
because Appellant was not properly admonished.

      Article 26.13(a), Texas Code of Criminal Procedure, provides:
Prior to accepting any plea of guilty . . . the court shall admonish the defendant of . . .
(b) no plea of guilty shall be accepted by the court unless it appears that the defendant is
mentally competent and the plea is free and voluntary. . . . (d) the court may make the
admonitions orally or in writing. If the court makes the admonitions in writing, it must
receive a statement signed by the defendant and the defendant's attorney that he
understood the admonitions and is aware of the consequences of his plea.

      On September 6, 1996, Appellant waived his right to a jury and entered open pleas of guilty
in each case. He signed plea papers in each case which included a waiver of jury, felony plea of
guilty, and a judicial confession. Appellant also signed the court's Admonition of Statutory and
Constitutional Rights and Defendant's Acknowledgment which included the punishment ranges
for each offense, and an admonishment regarding possible deportation, exclusion from admission
to this country and denial of naturalization.
      After Appellant was convicted and sentenced, he filed a motion for a new trial by new (his
second) counsel alleging: 
the attorney for defendant failed to properly present evidence relevant to the sentence and
which was mitigating in nature . . . performance of trial counsel was so deficient during
the sentencing hearing with regard to the presentation of mitigating evidence as to deprive
defendant of effective assistance of counsel.

      On November 18, 1996, the trial court granted the motion for a new trial.
      Defendant then pled guilty in both cases. Defense counsel then stated to the court:
I guess you could adopt the same plea papers. In fact I have for the court and prosecutor
a typed copy of the plea proceeding that took place on September 6, 1996, which
evidence, the defendant's plea, waiver, admonishment of the court, the State's offer of
evidence, the defendant's signed judicial confession, in each case, the defendant's entry
of pleas of guilty and the defendant's testimony. I ask the court to judicially note the
events that occurred on September 6 and make them apply in this proceeding.

      The court then stated:
 
that item is admitted, and all of the papers previously and re-adopted by and re-urged and
the court will treat them as filed on connection -- as refiled in connection with this case. 
Is that agreeable with both sides? 

      The prosecution and defense counsel both responded, "Yes, Your Honor.

      Appellant argues that Appellant and his new counsel needed to sign a new statement that
Appellant understood the admonitions and was aware of the consequences of his plea; and that the
statement signed by Appellant and his prior counsel could not suffice.
      We reject Appellant's contention. Appellant and his second attorney received the remedy they
requested, that is, the opportunity to present mitigating evidence at a new punishment hearing. 
They did this and received a 5-year reduction in the 25-year sentence given on September 6.
      Given the fact that it was Appellant who offered to the court the record of the September 6
plea proceeding and related plea papers, Appellant should not be allowed to be rewarded with
another trial when it was he who created the very situation about which he now complains.
      The record before us, for Appellant's second trial, shows Appellant was admonished in
accordance with art. 26.13 and there is nothing to indicate Appellant entered his plea involuntarily
or that he did not understand the written admonitions which were signed and acknowledged by
him.
      Appellant's point is overruled in each case. The judgment in each case is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 4, 1998
Do not publish